# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Sherry Frame,**
**Plaintiff Below, Petitioner**

**FILED**

**June 24, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)  No. 12-0967** (Brooke County 09-C-184)

**JPMorgan Chase, Cathy Martindill,**
**and Donna Willis,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Sherry Frame, by counsel Patrick S. Cassidy and Timothy F. Cogan, appeals the order of the Circuit Court of Brooke County, entered July 13, 2012, granting summary judgment in favor of respondents. Respondents JPMorgan Chase, Cathy Martindill, and Donna Willis appear by counsel Tamara B. Williamson, Angelique Paul Newcomb, and Chad J. Kaldor.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner filed a complaint in the Circuit Court of Brooke County alleging that she, while working at Respondent JPMorgan Chase's Bae Mar branch in Wheeling, was subjected to a hostile work environment by Respondent Martindill, the manager of that branch. Petitioner stated that she and her co-workers complained to Respondent Willis, the corporate respondent's human resources manager based in Charleston. Soon thereafter, Respondent Martindill was terminated from JPMorgan Chase, and petitioner applied, but was not hired for, the branch manager position. Petitioner asserted that her exposure to the hostile work environment, together with the respondent employer's failure to promote her, created working conditions so intolerable that she was forced to resign and was thus constructively discharged from her employment with JPMorgan Chase. Petitioner further asserted that Respondent Willis conspired in her constructive discharge. After the completion of discovery, the circuit court granted respondents' motion for summary judgment, and petitioner appealed.

1

Petitioner asserts six assignments of error[1]: 1) the circuit court's order improperly relied on federal law; 2) the circuit court improperly considered petitioner's gender in evaluating her claim of hostile environment; 3) the circuit court failed to hold Respondent JPMorgan Chase to the heightened standard required when a hostile environment is created by a manager; 4) the circuit court erred by deciding facts relevant to petitioner's failure-to-promote claim; 5) the circuit court erred by resolving her failure-to-promote claim at the summary judgment stage; and 6) the circuit court erred by resolving the constructive discharge claim at the summary judgment stage.

On appeal, we review a summary judgment order under a *de novo* standard of review. Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syl. Pt. 2, *Id.* (citation omitted). With this standard in mind, we consider the facts presented in the light most favorable to Petitioner Frame, the non-moving party. *Id.* at 192, 451 S.E.2d at 758.

With respect to petitioner's first assignment of error, we perceive nothing in the circuit court's order suggesting that the court reviewed federal law in reaching its decision. Even petitioner acknowledges in her brief that the circuit court "did not expressly rely [on] federal law[,]" suggesting instead that the court "seemed to indicate [its] adoption *sub silencio*." Without pinpointing particular instances of reliance by the circuit court on federal law,[2] petitioner complains that federal courts are more likely to grant motions for summary judgment. However, as explained below, the circuit court was guided by the appropriate West Virginia jurisprudence, and there is no error.

Petitioner's second and third assignments of error relate to her claim that she was subjected to a hostile work environment from around April of 2007 until Respondent Martindill's employment was terminated on June 4, 2008. Petitioner states that in that period, Respondent Martindill on one occasion admired a male customer's stomach muscles and suggested that she touch them and, on another, complimented petitioner's breasts.[3] Otherwise,

---

[1]Petitioner's brief does not comply with the format requirements of Rule 10 of our Revised Rules of Appellate Procedure. Because petitioner has not set forth her assignments of error as described in Rule 10(c)(3), we look to the headings in her brief to ascertain her intent.

[2]Particularity is vital to the petitioner's argument on this issue, because "[w]e have consistently held that cases brought under the West Virginia Human Rights Act, W.Va. Code, 5-11-1, *et seq.*, are governed by the same analytical framework and structures developed under Title VII, at least where our statute's language does not direct otherwise. *E.g.*, *West Va. University v. Decker*, 191 W.Va. 567, 447 S.E.2d 259 (1994); *Conaway v. Eastern Associated Coal Corp.*, 178 W.Va. 164, 358 S.E.2d 423 (1986)." *Barefoot v. Sundale Nursing Home*, 193 W.Va. 475, 482-483, 457 S.E.2d 152, 159-160 (1995).

[3]The circuit court found that petitioner's testimony reflected she was not offended by either of these actions. Petitioner does not dispute that finding.

she acknowledges that Respondent Martindill's conduct was not directed at her; however, she argues that she did not have to be the target of the conduct to be subjected to a hostile work environment. Because petitioner relies on *Conrad v. Szabo*, 198 W.Va. 362, 372-373, 480 S.E.2d 801, 811-12 (1996)("[w]omen may become sexual harassment targets for a variety of factors. . ."), we understand that she argues that she was harassed through a combination of the limited conduct directed at her and the conduct directed at those around her. We have held:

> "To establish a claim for sexual harassment under the West Virginia Human Rights Act, W. Va. Code, 5–11–1 *et seq.*, based upon a hostile or abusive work environment, a plaintiff-employee must prove that (1) the subject conduct was unwelcome; (2) it was based on the sex of the plaintiff; (3) it was sufficiently severe or pervasive to alter the plaintiff's conditions of employment and create an abusive work environment; and (4) it was imputable on some factual basis to the employer." Syllabus point 5, *Hanlon v. Chambers*, 195 W.Va. 99, 464 S.E.2d 741 (1995).

Syl. Pt. 5, *CSX Transp., Inc. v. Smith*, 229 W.Va. 316, 729 S.E.2d 151 (2012).

"'Once a plaintiff in a sexual harassment case introduces evidence that demonstrates the four elements set forth in syllabus point five of *Hanlon v. Chambers*, 195 W.Va. 99, 464 S.E.2d 741 (1995), he/she has proven a *prima facie* case of sexual harassment, which must then be presented to the jury.' Syllabus point 5, *Akers v. Cabell Huntington Hospital, Inc.*, 215 W.Va. 346, 599 S.E.2d 769 (2004)." Syl. Pt. 8, *CSX Transp., Inc.* In considering whether petitioner has made her prima facie case we are mindful that "workplace harassment, even harassment between men and women, is [not] automatically discrimination because of sex merely because the words used have sexual content or connotations. 'The critical issue . . . is whether members of one sex are exposed to disadvantageous terms or conditions of employment to which members of the other sex are not exposed.' *Harris[v. Forklift Systems, Inc.,* 510 U.S. 17,] 25 [1993], 114 S.Ct. [367], 372 [126 L.Ed.2d 295] (Ginsburg, J., concurring)." *Willis v. Wal-Mart Stores, Inc.*, 202 W.Va. 413, 416, 504 S.E.2d 648, 651 (1998) (quoting *Oncale v. Sundowner Offshore Svcs., Inc.*, 523 U.S. 75, 80, 118 S.Ct. 998, 1002 (1998)). Finally, we note that though petitioner argues that her gender was improperly emphasized by the circuit court, a key passage in her brief concedes that she ". . . must have adduced evidence to show that but for the fact of her sex, she would not have been the object of harassment." See *Conrad*, 198 W.Va. at 372, 480 S.E.2d at 811.

While the record on appeal suggests juvenile and inappropriate behavior by Respondent Martindill, the conduct was not "based on the sex" of petitioner. Petitioner witnessed Respondent Martindill engage in such behavior as kissing male customers, telling male employees that she was a sex addict, talking to a male employee about oral sex and "crotchless pantyhose[,]" and generally discussing her sexual encounters. None of these actions, however, were in any way related to petitioner's gender. Petitioner testified that she was treated no worse than any other employee at the Bae Mar branch. In fact, most of the conduct about which petitioner complains was directed at a male employee or male customers, and a great deal of the conduct—for example, asking a male employee to borrow money, sleeping at work, feigning illness while lying on the office couch, or telling employees that her boyfriend was threatening to kill her—

was not sexual in nature. Petitioner has not presented evidence sufficient to meet the second prong of the prima facie test.

Furthermore, there is no evidence that any of Respondent Martindill's behavior was reported to anyone outside of the Bae Mar branch location before April 21, 2008, after petitioner's coworker contacted Respondent Willis to report that Respondent Martindill had used the coworker's computer to submit a fraudulent expense report. Petitioner and two other employees then contacted Respondent Willis to report the manager's other inappropriate behavior.[4] "'An employer will not be liable for discriminatory acts of its employee unless he knew or reasonably should have known of the discriminatory acts and did nothing to correct them, or expressly or impliedly authorized or ratified them.' Syllabus point 8, *Paxton v. Crabtree*, 184 W.Va. 237, 400 S.E.2d 245 (1990)." Syl. Pt. 8, *Ford Motor Credit Co. v. W.Va.Rights Comm'n*, 225 W.Va. 766, 696 S.E.2d 282 (2010). Immediately upon receiving these complaints, Respondent Willis initiated an investigation, and as a result of the investigation, Respondent Martindill's employment was terminated on June 4, 2008. Petitioner testified that she was happy working at the Bae Mar branch after the termination. Under the facts presented, there is no evidence that Respondent JPMorgan Chase "impliedly authorized or ratified" Respondent Martindill's conduct, and the conduct is not imputable to respondent employer.

Petitioner's fourth and fifth assignments of error relate to her claim that Respondent JPMorgan Chase failed to promote her to the position of branch manager after the termination of Respondent Martindill's employment both because she was a woman and because she complained to her employer about Respondent Martindill's conduct. In order to make a prima facie case of employment discrimination under the West Virginia Human Rights Act, W.Va.Code § 5–11–1 *et seq.* (1979), the plaintiff must offer proof that: (1) the plaintiff is a member of a protected class; (2) the employer made an adverse decision concerning the plaintiff; and (3) but for the plaintiff's protected status, the adverse decision would not have been made. Syl. Pt. 2, *Burke-Parsons-Bowlby Corp. v. Rice*, 230 W.Va. 105, 736 S.E.2d 338 (2012); Syl. Pt. 3, *Conaway v. Eastern Associated Coal Corp.*, 178 W.Va. 164, 358 S.E.2d 423 (1986).

Petitioner, as a woman, is a member of a protected class, but the record on appeal contains no evidence of a gender-based motive behind the decision not to promote her. Though petitioner argues that the circuit court resolved issues of fact in granting summary judgment, this is not so. Rather, the circuit court recognized that Respondent JPMorgan Chase expressed in the job posting its requirement of a minimum of two years of experience in retail or sales management and its strong preference for candidates with a college degree. Petitioner did not meet these qualifications; the male hired for the position did. Respondents put forth a legitimate, non-discriminatory reason for respondent employer's hiring choice, and there is no evidence that the reason was pretextual. Petitioner did not establish her prima facie case of discrimination based on her protected class, and the matter was properly resolved at the summary judgment stage.

---

[4]Petitioner testified that she had been journaling Respondent Martindill's behavior for approximately eight months at the time of the report to Respondent Willis.

For these same reasons, there is no evidence that the decision not to promote petitioner to branch manager was made in retaliation for her having complained about Respondent Martindill's conduct. Furthermore, there is no evidence of animus on the employer's part for having been informed of Respondent Martindill's conduct, and the district manager who conducted interviews for the position testified that he was unaware at the time of the interviews that petitioner had made a complaint about Respondent Martindill. Petitioner simply did not meet the minimum qualifications for the posted position.

Petitioner's final assignment of error is that the circuit court wrongly granted summary judgment on her claim of constructive discharge. Petitioner is incorrect in asserting that the circuit court required that she must show the constructive discharge was related to her gender. The court's order reflected the appropriate consideration: "'In order to prove a constructive discharge, a plaintiff must establish that working conditions created by or known to the employer were so intolerable that a reasonable person would be compelled to quit. It is not necessary, however, that a plaintiff prove that the employer's actions were taken with a specific intent to cause the plaintiff to quit.' Syllabus point 6, *Slack v. Kanawha County Housing and Redevelopment Authority*, 188 W.Va. 144, 423 S.E.2d 547 (1992)." Syl. Pt. 7, *Ford Motor Credit Co.*, 225 W.Va. 766, 696 S.E.2d 282 (2010). As the circuit court noted, petitioner testified that she resigned because of lack of communication between the corporate respondent and the Bae Mar branch, increased workload, and her having been passed over for the promotion she sought. The circuit court addressed each reason in turn:

> As to the lack of communication by [Respondent JPMorgan Chase] with the branch office and increased workload, [petitioner] has not presented sufficient evidence to show that these events created a hostile work environment caused by her gender or in retaliation for reporting complaints about [Respondent] Martindill. [Footnote omitted.] The task of a heavier workload does not, without more, create a hostile work environment. It is not uncommon in today's workforce for an employee to take on more responsibilities in the absence of a [coworker]. . . . Here, [petitioner] undertook more duties due to the absence of a branch manager. In fact, [petitioner] testified in her deposition that she was not receiving specific communications because she was not a manager. She also acknowledged that it was possible . . . a female manager . . . may have been receiving the communications. The inconvenience and/or modification of [petitioner's] additional job duties were not so intolerable that a reasonable person would be compelled to quit. Additionally, as discussed above, [Respondent JPMorgan Chase] has shown a legitimate and employment nondiscriminatory reason for not promoting [petitioner] to the position of branch manager. . . .

The circuit court thoroughly addressed each of petitioner's claims under the appropriate standards articulated by this Court. The court did not resolve issues of fact, but viewed the facts in the light most favorable to petitioner and found that she did not make a prima facie case of hostile work environment harassment, failure-to-promote discrimination, or constructive discharge. We find no error in the court's analysis.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 24, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II